UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAUL RADTKE et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. CUSTOMS & BORDER PROTECTION et al., <br><br> Defendants. | Civil Action No. 17-2412 (TSC) |

## RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant the United States Customs & Border Protection ("CBP"), and Troy Miller, in his official capacity as acting Commissioner of CBP, through undersigned counsel, respectfully files this brief response to Plaintiffs notice of purported supplemental authority (ECF No. 63), notifying the Court of Defendant CBP's position in *Great Lakes Dredge & Co. LLC v. Magnus*, Civ. A. No. 22-2481, 2023 WL 7137285, at *1 (S.D. Tex. Oct. 16, 2023). For the reasons stated herein, that brief actually underscores why Plaintiffs lack standing in this case.

Plaintiff Great Lakes sought review from a CBP ruling letter allowing foreign competition to transport the first layer of scour material to stabilize wind turbine generators on the outer continental shelf with respect to a project on Martha's Vineyard. *See* 2023 WL 7137285, at *1. Although the ruling letter addressed a specific wind turbine project, it is also binding on "identical" transactions. *Id*. Great Lakes challenged that ruling under the Administrative Procedure Act.[1] Although the government defended CBP's ruling on the merits, it did not join an intervenor with

---

[1] The case is now on appeal *Great Lakes Dredge & Dock Co., LLC v. Magnus*, No. 23-20516 (5th Cir.).

interests adverse to Great Lakes, the American Petroleum Institute ("API"), in arguing that Great Lakes also lacked standing to challenge CBP's ruling.

As CBP explained, the record in *Great Lakes* showed that the challenged ruling letter "exposes Great Lakes to competition on identical wind turbine projects that it contends is unlawful." Specifically, "Intervenor API identified a number of 'identical' projects that will be governed by CBP's ruling," and "Great Lakes has shown that it owns a coastwise-qualified vessel slated for completion in sufficient time to perform work on those projects." Based on those record-specific circumstances, CBP acknowledged that Great Lakes had standing in that case. At the same time, CPB cautioned against adoption of Great Lakes' "expansive theory of standing," "which would enable entities with no concrete plans to construct any vessels to seek advisory opinions from the courts by, for example, challenging ruling letters that were not issued to those entities but that might someday be adverse to the plaintiffs' hypothetical future plans to expand into new enterprises."

In stark contrast to the record in *Great Lakes*, the record in this case is devoid of any evidence that any of the challenged ruling letters would have an adverse binding effect on an imminent, "identical" transaction in which the Plaintiffs have identified concrete plans to participate. As Defendants noted in their papers, Plaintiffs lack standing because they have failed to identify any concrete injury from the challenged rulings. Plaintiffs thus fall into the very category of litigants that CBP expressly noted would lack standing in its briefing in *Great Lakes*.

Dated: August 1, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division


By:           /s/ *Brenda González Horowitz*
BRENDA GONZÁLEZ HOROWITZ
D.C. Bar No. 1017243
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2512

*Attorneys for the United States of America*